# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MARLYS FLOYD and REBECCA PIPPERT, Defendants. | No. CR 05-0028-LRR ORDER |

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

The matters before the court are the government's Motion in Limine (docket no. 37), the government's Motion to Accept Untimely Filed Motion in Limine (docket no. 42), and the government's Supplemental Motion in Limine (docket no. 44).

On March 24, 2005, Floyd and Pippert (the "defendants") were charged in a four-count Indictment. Count 1 charges the following, in violation of 18 U.S.C. §§ 2 and 876(c):[1]

---

[1] The Indictment's four Counts charge violations of 18 U.S.C. § 876(c), which provides, in relevant part:

> Whoever knowingly so deposits or causes to be delivered as aforesaid [that is, as stated in subsection (a): knowingly deposits in any post office or authorized depository for mail matter, to be sent or delivered by the Postal Service or knowingly causes to be delivered by the Postal Service according to the direction thereon], any communication with or without a name or designating mark subscribed thereto,

(continued...)

> On or about March 11, 2005, in the Northern District of Iowa, [the defendants] did knowingly deposit and cause to be deposited in an authorized depository for mail matter, to be sent and delivered by the Postal Service, and did knowingly cause to be delivered by the Postal Service according to the directions thereon, a written communication which contained a threat to injure the addressee or another person, that is, a stamped envelope bearing no return address, addressed to, "James Gerk Att'n, 115 3rd St SE, CR, Ia 52403," which envelope contained a copy of Cedar Rapids Gazette newspaper article, captioned as follows:
>
> <u>Public Safety</u>
> **Man who killed himself in van
> claimed he shot judge's family**
>
> The copy of the newspaper article also contained the handwritten notation, "Be Aware, Be Fair."

Indictment at 1. Count 2 charges the same violation of 18 U.S.C. §§ 2 and 876(c), except it alleges the written communication was addressed to "Nancy Baumgartner Judge, Linn County Courthouse, PO Box 1468, CR, Ia 52406-1468." *Id.* at 2. Count 3 charges the same violation of 18 U.S.C. §§ 2 and 876(c), except it alleges the written communication was addressed to "District Court Judges, Linn County Courthouse, PO Box 1468, CR, Ia 52406-1468." *Id.* at 2-3. Count 4 charges the same violation of 18 U.S.C. §§ 2 and 876(c), except it alleges the written communication was addressed to "Judge Horan, District Court Judges, Linn County Courthouse, PO Box 1468 CR, Ia 52406 1468." *Id.* at 3-4.

---

[1](...continued)
addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both.

On June 2, 2005, the government filed an untimely Motion in Limine (docket no. 37) (the "Motion"). On June 3, 2005, Floyd filed a Resistance to Government's Motion in Limine (docket no. 38) (and refiled it again on June 10, 2005, at docket no. 45). On June 6, 2005, Pippert filed a Joinder in Resistance to Government's Motion in Limine (docket no. 40). On June 6, 2005, the government filed a Motion to Accept Untimely Filed Motion in Limine (docket no. 42). The court agrees to accept the government's untimely Motion for the reasons advanced by the government in its Motion to Accept Untimely Filed Motion in Limine.

On June 7, 2005, the government filed a Response to Defendants' Resistance to Government's Motion in Limine (docket no. 43) and an untimely Supplemental Motion in Limine (the "Supplemental Motion") (docket no. 44). The court agrees to accept the government's untimely Supplemental Motion for the reason advanced by the government. On June 10, 2005, Floyd filed a Resistance to Government's Supplemental Motion in Limine ("Resistance") (docket no. 46). Also on June 10, 2005, Pippert filed a Partial Joinder in Resistance to Government's Supplemental Motion in Limine (docket no. 47), in which she joins Floyd's Resistance in part and requests a hearing on these issues. Specifically, Pippert joins Floyd's Resistance except she does not object to the Supplemental Motion on the basis it is untimely, and she does not resist the government's motion to exclude evidence of her character for truthfulness unless she testifies and her character for truthfulness is challenged.

The court finds the legal issues presented in the Motion and Supplemental Motion are fully submitted and ready for decision.

## II. LEGAL ANALYSIS

Rule 12 of the Federal Rules of Criminal Procedure requires the court to review every pretrial motion before trial unless it finds good cause to defer a ruling. A ruling

may not be deferred, however, if the deferral will adversely affect a party's right to appeal. Fed. R. Crim. P. 12. Rule 104(a) of the Federal Rules of Evidence further requires the court to determine the admissibility of evidence prior to trial.

The government seeks to exclude any evidence or comment during trial of the defendants' claimed lack of intents to actually threaten, or lack of intents to carry out any threat against, the recipients of the mailings (together, the "intent evidence"). The government challenges this evidence on the bases that it is irrelevant and it is self-serving hearsay. The government further contends that any intent evidence offered through a third party witness (instead of through the testimony of a defendant) would be inadmissible for lack of personal knowledge. The government also seeks to exclude evidence of either defendant's characters for peacefulness and nonviolence, and for truthfulness, unless a defendant testifies and the government attacks that defendant's truthfulness.

The defendants make the following four arguments in response to the government's Motion. First, the government's Motion is untimely. Second, if the government seeks to introduce any of the defendants' statements made to law enforcement, the defendants are entitled to introduce exculpatory statements made to law enforcement, citing the rule of completeness embodied in Rule 106 of the Federal Rules of Evidence. Third, the intent evidence is relevant. Fourth, the court should not exclude third persons from testifying as to the defendants' characters for nonviolence and peacefulness, arguing Rule 405 of the Federal Rules of Evidence allows a defendant to offer evidence of her character.

The court finds three bases for excluding evidence offered by either defendant that she did not intend to threaten, or did not intend to carry out any threat against, the recipients of the mailings. First, such intent evidence is not relevant. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it

4

would be without the evidence." Fed. R. Evid. 401. "Relevance is established by any showing, however slight, that makes it more or less likely that the defendant committed the crime in question." *United States v. Casares-Cardenas*, 14 F.3d 1283, 1287 (8th Cir. 1994).

The defendants are charged with violating laws criminalizing the mailing of communications that contain "any threat to injure the person of the addressee or of another." 18 U.S.C. § 876(c). An individual's intent to threaten or injure the addressee or anyone else is not an element of the offense. *See, e.g., United States v. Patrick*, 117 F.3d 375, 377 (8th Cir. 1997) (finding it no defense to a § 876 violation that the defendant did not believe he would ever have the opportunity to commit the threatened acts); *United States v. Lane*, No. 93-3672ND, 1994 U.S. App. LEXIS 19652, at *3 (8th Cir. Aug. 1, 1994) (per curiam) (holding an intent to threaten is not a required element of a § 876 violation) (unpublished); *United States v. Lincoln*, 589 F.2d 379, 381 (8th Cir. 1979) (per curiam) (stating a "factual impossibility [of carrying out the threats] is not a defense" to the offense of mailing threatening communications). "[T]he gravamen of a § 876 violation is the making of the threat; the maker's subjective intentions are irrelevant." *United States v. Whitfield*, 31 F.3d 747, 749 n.4 (8th Cir. 1994) (finding expert testimony that the defendant did not pose an actual danger to the recipient of the threat was not probative of whether § 876 was violated) (citation omitted); *accord United States v. Aman*, 31 F.3d 550, 555 (7th Cir. 1994) (acknowledging that most United States Courts of Appeals embrace an objective standard to define a "threat" for purposes of § 876). "The threat alone is disruptive of the recipient's sense of personal safety and well-being and is the true gravamen of the offense." *United States v. Manning*, 923 F.2d 83, 86 (8th Cir. 1991). Therefore, the court can identify no fact of consequence to proving, or defending against, the charged offenses that is made more or less probable because of either defendant's lack

of intent to threaten a recipient or to carry out a threat against a recipient.  Therefore, the intent evidence is inadmissible because it is not relevant.

The defendants cite recent case law as requiring a different result.  The court finds such case law is distinguishable.  The defendants first rely on *Virginia v. Black*, 538 U.S. 343 (2003).  In *Black*, the United States Supreme Court construed a Virginia statute that required proof of "an intent to intimidate a person or group of persons."  *Id.* at 347 (quoting Va. Code Ann. § 18.2-423 (1996)).  The Supreme Court stated "true threats" "encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals."  *Id.* at 359.  The Court recognized, however, that "[i]ntimidation in the constitutionally proscribable sense of the words *is a type* of true threat."  *Id.* at 360 (emphasis added).  This language suggests that threats to intimidate are only one type of communication that can be criminalized consistently with the First Amendment to the United States Constitution.  The statute at issue here does not require proof of intent to intimidate, but involves a different type of true threat.  Nothing the Supreme Court announced in *Black* compels the court to adopt a subjective standard for defining true threats in a criminal matter involving a statute which does not require a proof of intent to intimidate.  *Accord United States v. Ellis*, No. 02-687-1, 2003 U.S. Dist. LEXIS 15543, at \*\*16-17 (E.D. Pa. July 15, 2003) (determining, with regard to 18 U.S.C. § 871 which is similar to § 876, that not only does *Black* interpret a state statute which requires a proof of intent to intimidate, but *Black* is consistent with the objective standard for defining "true threats" because the objective standard requires the defendant "have some intent to communicate the statement, meaning that the statement may not be a product of accident, coercion or duress") (unpublished).  Therefore, the court finds *Black* is inapposite.

The defendants' reliance upon *United States v. Cassel*, ___ F.3d ___, No. 03-

10683, 2005 U.S. App. LEXIS 9439, at*1 (9th Cir. May 24, 2005), also is unavailing. In *Cassel*, the United States Court of Appeals for the Ninth Circuit stated in a footnote it was not considering whether the definition of "true threats" advanced in *Black* applies to the "specific statutes that we have previously held do not require the government to prove subjective intent." *Id.* at*27 n.8. As discussed above, the Eighth Circuit Court of Appeals does not require a specific intent to threaten or a specific intent to carry out a threat to prove a violation of § 876.

Second, the court finds a second basis for excluding the intent evidence is that such statements are inadmissible hearsay. The intent evidence is hearsay, that is, statements made outside of the courtroom and offered to prove the truth of the matter asserted. *See United States v. Esparza*, 291 F.3d 1052, 1054 (8th Cir. 2002) (citing Fed. R. Evid. 801(c)). Therefore, for such statements to be admissible, an exception to the rule prohibiting hearsay must apply. *See* Fed. R. Evid. 802 (excluding hearsay unless otherwise admissible under the laws of the United States). The defendants do not identify, nor can the court find, an exception to the rule prohibiting hearsay which applies to the challenged statements. *See, e.g., Esparza*, 291 F.3d at 1054-55 (finding Fed. R. Evid. 801(d)(1)(B)'s exception for prior consistent statements does not apply to exculpatory out-of-court statements made to law enforcement because the speaker has a motive to fabricate at the time statement was made, and finding Fed. R. Evid. 803(2)'s exception for excited utterances does not apply to such statements because "[p]olice discovery of contraband is not ordinarily the kind of 'startling event' to which this exception applies"); *United States v. Goings*, 313 F.3d 423, 427 (8th Cir. 2002) (affirming a district court's exclusion of an exculpatory memorandum drafted by the defendant "because it was irrelevant and hearsay"); *United States v. Sadler*, 234 F.3d 368, 372-73 (8th Cir. 2000) (finding no exception to the rule against hearsay for admitting the defendant's out-of-court exculpatory

7

statements); *United States v. Waters*, 194 F.3d 926, 930-31 (8th Cir. 1999) (noting that while the prosecutor could introduce an out-of-court exculpatory statement "against a party" pursuant to Fed. R. Evid. 801(d)(2), the defendant cannot offer his own exculpatory statement except in "narrow circumstances") (citing *United States v. Greene*, 995 F.2d 793, 798 (8th Cir. 1993) (identifying Fed. R. Evid. 801(d)(1)(B) as providing one narrow exception where exculpatory hearsay may be admissible)). "[N]o abuse of discretion lies in a district court's refusal to admit evidence of self-serving statements of innocence made by the defendant after the offense was discovered. Such evidence lacks the required indicia of trustworthiness and reliability which support the admission of hearsay under exceptions to the hearsay rule." *United States v. Woosley*, 761 F.2d 445, 449 (8th Cir. 1985) (noting a defendant may always choose to testify at her criminal trial to the same facts sought to be proved by the out-of-court exculpatory statement) (citations omitted). Therefore, the intent evidence is inadmissible at trial because it is hearsay for which no exception exists.

Finally, a third basis exists for excluding such evidence if either defendant should seek to offer the intent evidence through a witness other than the defendant about whom the intent evidence is offered. Rule 602 of the Federal Rules of Evidence provides that a witness may testify only to matters of which the witness has personal knowledge. A third person could not have personal knowledge of a defendant's intent to commit or not to commit the alleged offenses. Therefore, the intent evidence is inadmissible if offered through a third-party witness.

Despite the three bases for excluding the intent evidence discussed above, the defendants argue any exculpatory statements to law enforcement are admissible because Rule 106 of the Federal Rules of Evidence entitles them to offer the entirety of a defendant's statements to law enforcement if the government seeks to offer only a portion

of such statements. To the extent that the challenged statements were oral and the government intends to call witnesses to testify as the defendants' admissions, Rule 106 affords the defendants no relief. *See* Fed. R. Evid. 106 (governing "a writing or recorded statement").

To the extent that the government intends to offer evidence of statements made by either defendant as part of a written or recorded statement to law enforcement, Rule 106 provides: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

> The Advisory Committee Notes to [Rule 106] indicate that this is a rule of completeness designed in part to avoid misleading impressions created by taking matters out of context. However, the party urging admission of an excluded conversation must specify the portion of the testimony that is relevant to the issue at trial and that qualifies or explains portions already admitted. We have held that Rule 106 . . . does not empower a court to admit unrelated hearsay in the interest of fairness and completeness when that hearsay does not come within a defined hearsay exception. Furthermore, the rule does not come into play when a few inconsistencies between out-of-court and in-court statements are revealed through cross-examination; rather, it operates to ensure fairness where a misunderstanding or distortion created by the other party can only be averted by the introduction of the full text of the out-of-court statement.

*United States v. Ramos-Caraballo*, 375 F.3d 797, 802-803 (8th Cir. 2004) (citing, in relevant part, *United States v. Woolbright*, 831 F.2d 1390, 1395 (8th Cir. 1987); *United States v. King*, 351 F.3d 859, 866 (8th Cir. 2003)) (internal quotation marks, edit marks and citations omitted). As discussed above, the intent evidence neither is relevant to this

9

criminal matter nor comes within a defined hearsay exception. Therefore, the intent evidence is not admissible pursuant to Rule 106.

In *Ramos-Caraballo*, the Eighth Circuit Court of Appeals affirmed a district court's admission of a witness's redacted prior grand jury testimony. *Id*. at 802. However, the fact that the defendants' statements, not the statements of mere witnesses, are at issue here does not require a different result. *See United States v. Bolden*, 92 F.3d 686, 687 (8th Cir. 1996). In *Bolden*, the defendant challenged the district court's ruling to exclude a portion of his statement to law enforcement that was not substantially exculpatory and to admit a redacted statement into evidence. *Id*. The Eighth Circuit Court of Appeals held "the district court did not abuse its discretion by admitting only the redacted statement" because the "redacted statement did not exclude information that was substantially exculpatory." *Id*. at 688. The court finds that any intent evidence in the defendants' statements to law enforcement has no exculpatory value in this criminal matter, because the defendants' subjective intents are not relevant, and are not a defense, to the offenses charged, see *supra*. Therefore, the defendants are not entitled to have the challenged intent evidence admitted at trial pursuant to Rule 106.

The government also seeks to exclude evidence of either defendant's characters for peacefulness and nonviolence, and for truthfulness, unless a defendant testifies and the government attacks that defendant's truthfulness. The defendants argue that even if third parties cannot testify regarding intent evidence, the defendants should be allowed to admit evidence as to their characters for nonviolence or peacefulness, citing Rule 405 of the Federal Rules of Evidence. The government contends the defendants also intend to offer evidence of their characters for truthfulness.

Rule 404 of the Federal Rules of Evidence provides for the admissibility of character evidence. *Cf*. Fed. R. Evid. 405 (governing how character may be proven if

10

character evidence is admissible pursuant to Fed. R. Evid. 404). Rule 404 provides, in pertinent part: "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except: [e]vidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same. . . ." Fed. R. Evid. 404(a)(1). As to the defendants' characters for nonviolence or peacefulness, neither character trait is "pertinent" in this criminal case. *Cf. United States v. Staggs*, 553 F.2d 1073, 1076 (7th Cir. 1977) (looking to Federal Rules of Evidence governing "relevance" to determine "a character trait can only be 'pertinent' if its existence is relevant to the outcome of the case"). As discussed above, a defendant's subjective intent in sending the written communications is not a defense to the charged offenses. Therefore, whether or not the defendants are peaceful or nonviolent has no bearing on whether the defendants are guilty of the crimes charged. The defendants are precluded from offering evidence of their characters for nonviolence or peacefulness.

As to the defendants' characters for truthfulness, the court finds such character trait is not pertinent in this criminal case. Such character trait could become pertinent if either defendant testifies at trial. Any party in a case may introduce evidence of a character trait of a witness as provided for in the Federal Rules of Evidence. Fed. R. Evid. 404(a)(3); Fed. R. Evid. 607. However, evidence of a witness's truthful character can only be admitted into evidence "*after* the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." Fed. R. Evid. 608(a) (emphasis added). Therefore, the defendants may not offer evidence of their characters for truthfulness unless and until that defendant's character for truthfulness as a witness is attacked.

### III. CONCLUSION

**IT IS ORDERED:**

(1)  The court **GRANTS** the government's Motion in Limine (docket no. 37), the

government's Motion to Accept Untimely Filed Motion in Limine (docket no. 42), and the government's Supplemental Motion in Limine (docket no. 44).

(2) The period between the filing of the government's motions and the filing of this Order is excluded from calculation under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning a defendant is actually under advisement by the court").

(3) The parties shall not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects in the presence of the jury. Each party is charged with the responsibility of cautioning its witnesses of the court's Order on the Motion in Limine.

**DATED** this 13th day of June, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA