# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MARLYS FLOYD and REBECCA PIPPERT, <br><br> Defendants. | No. 05-CR-28-LRR <br><br> **ORDER** |

_____

The matters before the court are Defendants' Pro Se Motions for Release Pending Appeal ("Motions") (docket nos. 120 and 121).

On June 14, 2005, Defendants were convicted by a jury of four counts of mailing threatening letters, in violation of 18 U.S.C. § 876(c). On December 19, 2005, both Defendants were sentenced by the undersigned during separate hearings. Floyd was sentenced to a term of imprisonment of thirty-three months, to be followed by a term of supervised release of two years. Pippert was sentenced to a term of imprisonment of thirty-six months, to be followed by a term of supervised release of two years. At the time of the sentencing hearings, Defendants were remanded to the custody of the United States Marshal and have remained in custody since that time. On December 21, 2005, the court filed both Judgments in a Criminal Case. On December 26, 2005, Floyd filed a notice of appeal. On December 29, 2005, Pippert filed a notice of appeal.

On August 4, 2006, and August 8, 2006, the Clerk of Court filed Defendants' Motions, which are a handwritten letter authored by Floyd and dated July 29, 2006. In the Motions, Defendants state: "This is a motion/request for a (sic) release from Prison

on appelate (sic) bond while our appeal is pending." The court will construe the Motions as ones made pursuant to 18 U.S.C. § 3143(b).[1] Defendants argue that they have no history of criminal activity, that they are "suffering severely" in prison and that their sentences of imprisonment were unnecessary. In the Motions, Defendants state: "During our trial we were not allowed to show intent nor was any evidence submitted that any threat was intended . . . ." They also state: "Our appeal was heard over 2 months ago[.] We believe we will be released with time served . . . ." Defendants do not cite to any legal authority in their Motions.

Section 3143(b)(1) provides, in part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and ,
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or

---

[1] The court construes Defendants' Motions liberally. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (construing a pro se motion liberally in favor of the pro se movant).

> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). Defendants bear the burden of showing the merit of the appeal. *United States v. Powell*, 761 F.2d 1227, 1232 (8th Cir. 1985) (en banc); *see also* Fed. R. App. P. 9(c) (providing, in part, "[t]he burden of establishing . . . that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or in an order for a new trial rests with the defendant"). In a per curiam opinion of the Eighth Circuit Court of Appeals, the court wrote the following about § 3143(b):

> The Bail Reform Act of 1984 made it much more difficult for a convicted criminal defendant to obtain his release pending appeal. The Act's intent "was, bluntly, that fewer convicted persons remain at large while pursuing their appeals." [*Powell*, 761 F.2d at 1231] . . . . [The Eighth Circuit Court of Appeals] require[s] a showing that the appeal presents "a close question"—not "simply that reasonable judges could differ"—on a question "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." [*Id.*] at 1234.

*United States v. Marshall*, 78 F.3d 365, 366 (8th Cir. 1996).

Defendants have not met their burdens of showing that their appeals raise "a substantial question of law or fact[,]" as required for release pursuant to 18 U.S.C. § 3143(b)(1)(B). Because Defendants cannot establish the elements of § 3143(b)(1)(B), the court need not consider § 3143(b)(1)(A), that is, whether Defendants are a danger to the community or present a risk of flight.

For the foregoing reasons, the court hereby **DENIES** Defendants' Pro Se Motions for Release Pending Appeal (docket nos. 120 and 121).

**IT IS SO ORDERED.**

**DATED** this 8th day of August, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA